UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Cause No. 4:14-cr-00024-TWP-WGH |
| DONALD P. ELDRIDGE, | ) ) ) |
| Defendant. | ) ) |

**PLEA AGREEMENT**

The United States of America, by counsel, Josh J. Minkler, United States Attorney for the Southern District of Indiana, and by Matthew Lasher, Assistant United States Attorney, and the defendant, Donald Eldridge ("Defendant"), in person and by counsel, James A. Earhart, hereby inform the Court that a Plea Agreement has been reached in this cause pursuant to Fed. R. Crim. P. 11(c)(1)(A) and 11(c)(1)(B), and the following are its terms and conditions:

1. Defendant will enter a plea of guilty to Counts One and Two of the indictment.

2. At the time of sentencing, the United States will move to dismiss the remaining count in the indictment against the Defendant in this case.

3. Count One of the indictment alleges that the Defendant did knowingly and intentionally possess with intent to distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II Non-Narcotic Controlled Substance, a felony offense which ordinarily may be punished by a term of imprisonment of not more than twenty (20) years, a fine of up to $1,000,000, and a term of supervised release of not less than

three (3) years following any term of imprisonment. On October 28, 2014, however, the United States filed an information pursuant to 21 U.S.C. § 851 alleging the Defendant had sustained prior felony drug conviction. Accordingly, the maximum penalties for count one are a term of imprisonment of not more than thirty (30) years, a fine of up to $2,000,000, and a term of supervised release of not less than six (6) years following any term of imprisonment. The elements of the offense are: (1) The Defendant knowingly or intentionally possessed a mixture or substance containing methamphetamine, (2) the mixture in fact contained methamphetamine, a controlled substance, and (3) the Defendant possessed the mixture or substance with the intent to distribute it.

4. Count Two of the indictment alleges that Defendant violated Title 18, United States Code, Section 924(c)(1), a felony offense which may be punished by a term of imprisonment of not less than five years that must be imposed consecutively to the sentence in Count One in this case. The elements of the offense charged in Count Two are: (1) the Defendant committed a drug trafficking crime prosecutable in federal court; (2) the Defendant knowingly possessed a firearm; and (3) the possession of the firearm was in furtherance of the drug trafficking crime.

5. Defendant acknowledges and agrees that the conduct charged in Counts One and Two of the indictment is to be considered together with all uncharged but related criminal activity as relevant conduct for purposes of calculating the offense levels for Count One and Two, in accordance with section 1B1.3 of the United States Sentencing Guidelines ("Sentencing Guidelines" or "USSG").

## GENERAL PROVISIONS

6. Defendant agrees and understands that:

   a. The Court will use its discretion to fashion a sentence within the statutory ranges set forth in Paragraphs 2 and 3.

   b. The Court will consider the factors set forth in 18 U.S.C. § 3553(a) in its determination of the appropriate sentence within the statutory range.

   c. The Court will also consult and take into account the Sentencing Guidelines in determining the appropriate sentence within the statutory range.

   d. The Sentencing Guidelines are not mandatory or binding on the Court, but are advisory in nature.

   e. The final determination of the sentence, including the applicable advisory guideline range calculation and the criminal history category determination, will be made by the Court.

7. The parties further acknowledge and agree that, in the event a guidelines-calculated sentence falls below a statutory mandatory minimum term of imprisonment, the statutory minimum term of imprisonment becomes the appropriate guideline sentence, pursuant to USSG § 2D2.1 commentary and USSG § 5G1.1(b).

8. The United States and the Defendant may present evidence and arguments concerning the appropriate sentence in this case at the time of sentencing.

   a. The United States will request a sentence within the applicable advisory sentencing guideline range. Based upon the information presently known to the Government, it will not seek an upward variance or upward departure.

   b. The Defendant may request any sentence, including a sentence below the

      guideline range.

9. Defendant acknowledges that this plea agreement is governed by Federal Rules of Criminal Procedure 11(c)(1)(A) and 11(c)(1)(B) and that the determination of the sentence is within the discretion of the Court. Defendant understands that if the Court decides to impose a sentence higher or lower than any recommendation of either party, or determines a different sentencing guideline range applies in this case, or decides to depart from the otherwise applicable sentencing guideline range pursuant to Title 18, United States Code, Section 3553(e), then Defendant will not be permitted to withdraw his plea of guilty for that reason and will be bound by his plea of guilty.

## SENTENCING GUIDELINES STIPULATIONS

10. Pursuant to USSG § 6B1.4, the parties agree to the stipulations below. The parties understand and agree that these stipulations are binding on the parties but are only recommendations to the Court and that the Court will determine the sentencing guidelines applicable in this case.

    a. Count One, to which Defendant is pleading guilty under this agreement, constitutes a controlled substance offense under the Sentencing Guidelines.

    b. The Defendant has at least two prior felony convictions: a conviction for Burglary – Second Degree in 08-CR-000979 (Jefferson Circuit Court, Commonwealth of Kentucky) on or about March 20, 2008, and convictions for Trafficking in a Controlled Substance (Oxycodone) and Trafficking in Marijuana (greater than five pounds) in 11-CR-001605 (Jefferson Circuit Court, Commonwealth of Kentucky) on or about June 21, 2011. Based upon

these convictions, the United States will argue at sentencing that the Defendant is a Career Offender under USSG § 4B1.1 and that USSG § 2K2.4(c) therefore requires that the Sentencing Guideline range for Counts One and Two shall be determined under § 4B1.1(c).

c. To date, Defendant has demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. In the event he continues to accept responsibility, he is entitled to a two-level reduction in his offense level, pursuant to USSG § 3E1.1(a).

d. By entering into this plea agreement and filing a petition to enter a plea of guilty in this case, Defendant has timely notified authorities of his intention to enter a plea of guilty, and has thereby permitted the United States to avoid preparing for trial and to allocate its resources effectively. In the event he continues to accept responsibility, the United States will inform the Court at the time of sentencing of the same and will move the Court decrease the offense level by one additional level, pursuant to USSG § 3E1.1(b).

e. Taking the three-level reduction of subparagraphs (c) and (d) into account, the United States will argue that the Defendant's overall Guideline Range should be 262-327 months under USSG § 4B1.1(c)(2)(B) and (c)(3).

## WAIVER OF APPELLATE RIGHTS

11. Defendant understands that he has a statutory right to appeal the conviction and sentence imposed, as well as the manner in which the sentence was determined. Acknowledging this right, and in exchange for the concessions made by the United States in this agreement,

Defendant waives his right to appeal the conviction and any sentence imposed in this case on any and all grounds except as specified in paragraph 17 of this agreement. This appellate waiver includes the right to appeal conferred by 18 U.S.C. § 3742. Additionally, except for the issue noted in paragraph 17 of this agreement, the Defendant agrees not to contest or seek to modify his conviction or sentence, or the manner in which the sentence was determined, in any type of proceeding – including, but not limited to, an action brought under 18 U.S.C. § 3582 or 28 U.S.C. § 2255.

12. The Defendant shall retain the right to challenge on appeal the Court's decision at sentencing regarding a Career Offender designation under USSG § 4B1.1.

13. This appellate waiver does not encompass claims, either on direct or collateral review, that the Defendant received ineffective assistance of counsel.

## FEES AND FORFEITURE

14. Defendant will pay a total of $200.00 on the date of sentencing to the Clerk, United States District Court, which amount represents the mandatory special assessment fees imposed pursuant to 18 U.S.C. § 3013.

15. Defendant agrees that as of the date of filing this plea agreement he will provide all requested financial information to the Financial Litigation Unit of the United States Attorney's Office for the Southern District of Indiana for use in the collection of any fines and restitution imposed by the Court and authorizes the Financial Litigation Unit to obtain credit reports relating to Defendant for use in the collection of any fines and restitution imposed by the Court.

16. Defendant hereby abandons all right, title, and interest that he has in the following property

and admits that all of the property was used to facilitate the commission of the offense(s) to which he is pleading guilty: one Beretta 9-millimeter pistol. Defendant agrees not to contest – and to not have any other person contest on his behalf – any forfeiture action against the firearm, and Defendant agrees not to raise any affirmative defenses to any forfeiture actions brought by the United States, whether the forfeiture action is administrative or judicial, civil or criminal. Defendant acknowledges that he knowingly and voluntarily concedes to the forfeiture of any interest he may have in the firearm and to its disposition according to law. Defendant further acknowledges that, if he breaches this Plea Agreement and the prosecution is reinstated, these provisions relating to forfeiture may not be set aside and that he may not contest any transfer, judgments, orders, or agreements of forfeiture to the United States into which he has previously entered. Defendant hereby releases the United States from any and all claims, demands, rights and causes of action of whatsoever kind and nature that he may have or hereafter acquire against the United States of America, its agents, servants and employees on account of the disposition of the seized firearm, including any future claim or lawsuit of any kind or type whatsoever, whether known or unknown.

## FINAL PROVISION

17. Defendant acknowledges that – other than provisions set forth in this document – no representations or promises have been made to induce him to plead guilty. Defendant has not received any threats to induce his plea. This document is the complete and only plea agreement between Defendant and the United States Attorney for the Southern District of Indiana. This document is binding only on the parties to this agreement. It supersedes all prior understandings, if any, whether written or oral. It cannot be

modified, except in a writing signed by all parties and filed with the Court or upon joint motion of the parties on the record in open court.

Respectfully submitted,

JOSH J. MINKLER
United States Attorney

__2-27-15__  _____
Date          Matthew Lasher
              Assistant United States Attorney

              _____
Date          Matthew Brookman
              Chief, Drug & Violent Crime Unit

__2-27-15__  _____
Date          DONALD P. ELDRIDGE
              Defendant

__2-27-15__  _____
Date          James Earhart
              Attorney for Defendant

Page 8 of 9

## STATEMENT OF THE DEFENDANT

I have read the entire Plea Agreement and discussed it with my attorney.

I understand all the terms of the Plea Agreement and those terms correctly reflect the results of plea negotiations.

I am fully satisfied with my attorney's representation during all phases of this case.

I am freely and voluntarily pleading guilty in this case.

I am pleading guilty as set forth in this Plea Agreement because I am guilty of the crime to which I am entering my plea.

My attorney has informed me, and I understand, that I have the right to appeal any conviction and sentence that I receive, unless I have waived my right to appeal as part of this Plea Agreement.  If I have not waived my right to appeal, I understand that I must file a Notice of Appeal within 14 days of the entry of the judgment in this case; I further understand that the Clerk of the Court will prepare and file a Notice of Appeal on my behalf if I ask that to be done.  I also understand that the government has the right to appeal any sentence that I receive under this Plea Agreement.

Finally, my attorney has informed me, and I understand, that if I provide or cause to be provided materially false information to a judge, magistrate-judge, or probation officer, then USSG § 3C1.1 allows the Court to impose a two (2)-level increase in the offense level.

_2-27-15_
Date

_Donald Eldridge_, Defendant