UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

UNITED STATES OF AMERICA

v.

DONALD P. ELDRIDGE

Case No. 4:14-cr-24-TWP-VTW-01

ORDER    ON    MOTION    FOR
SENTENCE  REDUCTION  UNDER
18 U.S.C. § 3582(c)(1)(A)
(COMPASSIONATE RELEASE)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction

in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided

in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14-cr-00024-TWP-VTW |
| | ) | |
| DONALD P. ELDRIDGE, | ) | -01 |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant Donald Eldridge seeks compassionate release under 18 U.S.C. §
3582(c)(1)(A).[1] For the reasons explained below, Mr. Eldridge's motion is **denied**.

## I. Background

In 2015, Mr. Eldridge pled guilty to one count of possession with intent to distribute
methamphetamine, in violation of 21 U.S.C. §§ 841 (a)(1) and 85, and one count of carrying a
firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924
(c)(1)(A)(i). Dkts. 45, 48. According to the presentence investigation report, during a "road rage"
incident Mr. Eldridge reportedly brandished a firearm while driving on the bridge into Indiana
from Louisville, Kentucky. Dkt. 33. The vehicle Mr. Eldridge was driving was later located by

---

[1] Mr. Eldridge alternatively requests that the remainder of his sentence be converted to "work release." Dkt.
81 at 1. Pursuant to statute, the location of a prisoner's confinement is the sole province of BOP, and its placement
decisions are "not reviewable by any court." 18 U.S.C. § 3621(b). Likewise, the CARES Act expands the powers of
the Attorney General and the Director of the Bureau of Prisons to place inmates on home confinement, but it does not
expand the courts' ability to do so. *See* Pub. L. No. 116-136, 134 Stat. 281, 516 (2020) (CARES Act § 12003(b)(2)).
The Court therefore does not have the authority to order the remainder of Mr. Eldridge's sentence to be served on
home confinement or elsewhere. *See United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021) (district court
lacks authority to order transfer to home confinement). Instead, in accordance with § 3582(c)(1)(A), the Court
considers whether to reduce Mr. Eldridge's sentence to time served. *See United States v. Millbrook*, 840 F. App'x 25,
27 (7th Cir. 2021) (finding no error when district court failed to discuss defendant's alternative request for transfer to
home confinement because the court had no authority to grant the request under § 3582, which authorizes only
sentence "reductions").

law enforcement officials. He had abandoned the vehicle and attempted to hide in a wooded area but was taken into custody without incident. A search of his vehicle resulted in the discovery of 35.6 grams of methamphetamine, 5.48 kg of marijuana, and 300 pills each containing 10 milligrams of hydrocodone and 325 milligrams acetaminophen. A Beretta 9 mm semi-automatic handgun was also located in the vehicle. Investigators found a notebook with handwritten notes detailing names and numbers that appeared to be a drug ledger.

The Court sentenced Mr. Eldridge to 100 months of imprisonment on count 1 and 60 months of imprisonment on count 2, to run consecutively. Dkt. 48. The Court also imposed a 6-year term of supervised release. According to the Bureau of Prisons ("BOP") website, Mr. Eldridge's anticipated release date (with good-conduct time included) is February 20, 2026. *See* https://www.bop.gov/inmateloc/ (last visited June 23, 2022).

Mr. Eldridge initially filed a pro se motion for compassionate release. Dkt. 74. The Court appointed counsel, and counsel filed a brief in support of Mr. Eldridge's motion. Dkt. 81. In his briefing, Mr. Eldridge argues that he establishes extraordinary and compelling reasons for compassionate release because (1) he is at risk of severe illness should he contract COVID-19 again due to his underlying medical conditions (arrhythmia, asthma and being overweight); (2) the BOP has failed to protect him and other prisoners during the pandemic (3) his sentence is too long for a non-violent drug offender; (4) he would like to serve as the primary caregiver for his mother who is battling cancer; and (5) he has substantially rehabilitated himself while in prison. The United States filed an opposition brief, dkt. 86, and Mr. Eldridge filed a pro se reply brief, dkt. 87. Thus, the motion is now ripe.

## II. Discussion

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Mr. Eldridge's first reason for requesting a sentence reduction—the risk to his physical health presented by COVID-19, particularly in light of his medical conditions—is not an extraordinary and compelling reason to release him, either alone or in combination with any other reason. The U.S. Court of Appeals for the Seventh Circuit has held that COVID-19 cannot be an extraordinary and compelling reason for release for an inmate who had declined the vaccine without an adequate medical justification. *See United States v. Broadfield*, 5 F.4th 801 (7th Cir. 2021). In so holding, the court reasoned, "[F]or the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer far more relief than a judicial order. A prisoner who can show that he is unable to receive or benefit from a vaccine may still turn to this statute, but, for the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and

compelling' reason for immediate release." *Id.* at 803. Moreover, the court concluded that "[t]he federal judiciary need not accept a prisoner's self-diagnosed skepticism about the COVID-19 vaccines as an adequate explanation for remaining unvaccinated, when the responsible agencies all deem vaccination safe and effective." *Id.* Here, Mr. Eldridge was offered and declined the vaccine. Dkt. 81-1. Mr. Eldridge has provided no reason for declining the vaccine; nor has he provided evidence that he is unable to receive or benefit from the vaccine. Accordingly, the Court does not find Mr. Eldridge's concern about contracting COVID-19 again to be an extraordinary and compelling reason to grant release.

Nor does the Court find that his complaints about COVID-19 related lockdowns and other pandemic procedures to be an extraordinary and compelling reason for release, whether considered alone or in combination with any other factors. Inmates throughout the country were subjected to similar COVID-19 lockdowns and procedures. Such allegations might form the basis for relief in a civil suit filed in Mr. Eldridge's district of incarceration, but such allegations are not grounds for a sentence reduction under § 3582(c)(1)(A). *See United States v. Miller*, No. 21-1600, 2022 WL 2187555, at *1 (7th Cir. June 16, 2022) ("[T]o the extent that Miller challenges the conditions and medical care at [the prison] more generally, a compassionate-release motion is not the right vehicle") (cleaned up).

Mr. Eldridge's brief reference to "lingering effects" after his initial COVID-19 infection that "makes his breathing difficult at times" is also not a valid reason for his compassionate release. Dkt. 74 at 3. He does not allege that he is suffering severe lingering symptoms, that he is unable to provide self-care or that he is otherwise incapacitated due to these occasional breathing difficulties. Accordingly, the Court does not find that this lingering effect is an extraordinary

compelling reason warranting compassionate release, whether considered along or in conjunction with other reasons.

Mr. Eldridge's argument that the length of his sentence is too long in light of the fact that he is a non-violent drug offender is also unavailing. A motion for compassionate release is not the proper way to remedy a potential error in the original sentence. *See United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021); *United States v. Ugbah*, 4 F.4th 595, 597 (7th Cir. 2021) ("We explained in *Thacker* that § 3582(c)(1) does not treat a long but lawful sentence as itself an extraordinary or compelling reason for a lower sentence."); *United States v. Watts*, No. 21-2867, 2022 WL 2208517, at *1 (7th Cir. June 21, 2022) ("[t]he appropriate path for prisoners to contest the length of their sentences is set forth in 28 U.S.C. § 2255").

The Court also does not find Mr. Eldridge's desire to help care for his ailing mother to be an extraordinary and compelling reason for release, whether considered alone or in combination with any other factors. While the Court sympathizes with Mr. Eldridge during this difficult time, this does not appear to be a situation where his mother has no other available caregivers. It appears that Mr. Eldridge's brother has been caring for their mother and, according to the most recent correspondence, it appears that their mother is now receiving hospice care at a facility. Dkt. 81-2. Moreover, even if there were no other available caregivers, the Court would not find this to be a valid reason for granting Mr. Eldridge compassionate release. Many inmates have aging and sick parents and family members whom they might like to support. The desire to care for an elderly or ill parent, however, is not an extraordinary and compelling reason warranting a sentence reduction. *See United States v. Trice*, No. 1:13-cr-222-TWP-DML-1, Dkt. 114 at 5 (S.D. Ind. Aug. 4, 2020) (collecting cases about defendants requesting compassionate release to care for elderly or ill

parent); *United States v. Ingram*, 2019 WL 3162305, at \*2 (S.D. Ohio July 16, 2019) ("Many, if not all inmates, have aging and sick parents. Such circumstance is not extraordinary.").

Finally, rehabilitation alone is not an extraordinary and compelling reason to grant compassionate release, *see* 28 U.S.C. § 994(t), and while the strides Mr. Eldridge has made in prison are admirable, his rehabilitation, whether considered alone or together with other factors, is not an extraordinary and compelling reason to reduce his sentence.

Given the determination that Mr. Eldridge has not shown extraordinary and compelling reasons to justify his release, the Court need not address whether he is a danger to the community and whether the sentencing factors listed in 18 U.S.C. § 3553(a) weigh in favor of his release. Even if he had made such a showing, however, the Court would nevertheless find that Mr. Eldridge is not entitled to compassionate release because the § 3553 factors do not weigh in his favor. [2] Mr. Eldridge represents that he has taken many classes and programs while at the BOP and if released, he will be living with his in-laws. Dkt. 74 at 28. Mr. Eldridge also represents that he has had no disciplinary infractions since arriving at his current facility. Dkt. 74-2 at 10. Weighing heavily against him, however, Mr. Eldridge's crimes were serious and began with him allegedly waving a gun at another driver in a road rage incident. Dkt. 33. Mr. Eldridge has a lengthy criminal history and committed the instant offense while on probation for a state conviction. Dkt. 33 at 10. Finally, Mr. Eldridge is not due to be released from custody for another 3 ½ years and doing so now would therefore be a substantial reduction.

---

[2] The factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

In light of these considerations, the Court finds that releasing Mr. Eldridge now would not: reflect the seriousness of the offense; promote respect for the law; provide just punishment for the offense; afford adequate deterrence to criminal conduct; or protect the public from further crimes. *See Ugbah*, 4 F.4th at 598 ("all a district judge need do is provide a sufficient reason for [denying relief under § 3582(c)(1)]. One good reason for denying a motion such as Ugbah's is enough; more would be otiose.").

### III. Conclusion

For the reasons stated above, Mr. Eldridge's motion for compassionate release, dkt. [74], is **denied.**

**IT IS SO ORDERED.**

Date: 7/1/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel