AO 247 (Rev.  03/19)   Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)          Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
## for the

Southern      District of      Indiana

United States of America
v.

DONALD P. ELDRIDGE

Date of Original Judgment:         04/23/2015
Date of Previous Amended Judgment:
*(Use Date of Last Amended Judgment if Any)*

)
)
)  Case No:    4:14-CR-00024-TWP-VTW-01
)
)  USM No:    12492-028
)
)
)  James Adrian Earhart (former)
)
*Defendant's Attorney*

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of   ☒ the defendant   ☐ the Director of the Bureau of Prisons   ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:

☒ DENIED.    ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____ .

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated        04/23/2015        shall remain in effect.
**IT IS SO ORDERED**.

Order Date:        8/8/2024

*Judge's signature*

Effective Date: _____
*(if different from order date)*

Honorable Tanya Walton Pratt, U.S. District Court Chief Judge
*Printed name and title*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**NEW ALBANY DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14-cr-00024-TWP-VTW |
| | ) | |
| DONALD P. ELDRIDGE, | ) | -01 |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING MOTION TO REDUCE SENTENCE**

This matter is before the Court on *pro se* Defendant Donald P. Eldridge's ("Mr. Eldridge")

pleading, which has been docketed as a Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582,

U.S.S.G. § 1B1.10, and Amendment 821 to the Sentencing Guidelines (Dkt. 92).[1] For the reasons

explained below, the Motion is **denied**.

## I.       DISCUSSION

Mr. Eldridge was convicted of Possession with Intent to Distribute Methamphetamine

(Count 1) and Carrying a Firearm During and in Relation to a Drug Trafficking Crime in violation

of 18 U.S.C. § 924(c) (Count 2) (Dkt. 48). He was sentenced to 100 months' imprisonment on

Count 1, and 60 months' imprisonment on Count 2, to be served consecutively. *Id.* at 2. In his

Motion, Mr. Eldridge seeks relief under Part A to Amendment 821 to the United States Sentencing

Guidelines because he "was on probation when [he] was sentenced and was given two points

because of it." (Dkt. 92). He also seeks "relief under *U.S.A. v. White*" and states he "should get

---

[1] The Court appointed the Indiana Federal Community Defender to represent Mr. Eldridge (Dkt. 93). Counsel was later granted leave to withdraw (Dkt. 96). Mr. Eldridge was afforded an opportunity to supplement his petition, but he did not do so (Dkt. 98).

released" because his "924(c) was ran consecutive and now it should be concurrent because [his] charges are no longer considered violent." *Id.*

Mr. Eldridge's request to be released appears to be a post-judgment motion seeking relief pursuant to 28 U.S.C. § 2255. Accordingly, in a separate order, the Court will direct the Clerk to take all appropriate steps to re-docket Mr. Eldridge's Motion as a motion to vacate, set aside, or correct his sentence pursuant to § 2255 and to open a new civil action. The Court will address Mr. Eldridge's request for relief under § 2255 in a separate order in that new civil action.

In this Order, the Court will address only Mr. Eldridge's request for a sentence reduction under Amendment 821. Mr. Eldridge seeks a reduction of his sentence pursuant to Part A of Amendment 821. In its Response in Opposition, the Government asserts that Mr. Eldridge is ineligible for reduction because, although Part A applies to him, it does not change his guideline range (Dkt. 100).

The court has the authority to modify a previously imposed sentence pursuant to 18 U.S.C. § 3582(c)(2) if the defendant's guideline range has been lowered after his sentencing by an act of the United States Sentencing Commission. In determining whether a defendant is eligible for such relief, district courts are to employ a two-step analysis. *See Dillon v. United States*, 560 U.S. 817, 826 (2010). At step one, the court is to determine whether the defendant is eligible for resentencing and the extent of the reduction authorized. *Id.* at 827. In making this determination the court must heed the binding instructions of the Sentencing Commission codified at U.S.S.G. § 1B1.10. *Id.* at 828–29. If the defendant is eligible for a reduction, the court advances to the second step. At the second step, the court considers any applicable § 3553(a) factors and determines whether, in the court's discretion, the authorized reduction is warranted in whole or in part under the particular circumstances of the case. *Id.* at 827.

As to the step one analysis under *Dillon*, the Court agrees with the Government that Mr. Eldridge is ineligible for a sentence reduction because Part A to Amendment 821 does not change his guideline range. In Part A, the Sentencing Commission made certain amendments to U.S.S.G. § 4A1.1, which provides the circumstances in which "status points" are added to a defendant's criminal history category calculation. These amendments decreased the "status points" for crimes committed while under a criminal justice sentence from two points to one point. Before Amendment 821, Mr. Eldridge acquired 15 criminal history points, placing him in Criminal History Category VI, which applies to a defendant with 13 or more criminal history points (PSR ¶ 34). After Amendment 821, Mr. Eldridge's total criminal history points only change from 15 to 14, leaving him still in Criminal History Category VI. Because his guideline range does not change, he is not eligible for resentencing. *See* § 3581(c)(2); § 1B1.10(a)(2)(B). The Court will therefore not proceed to step two under *Dillon*.

That said, the Court has recently been advised that a reduction in criminal history points may impact an inmate's classification. Accordingly, the Court **directs the Clerk** to forward a copy of this Order to the Warden at the Federal Correctional Institution Cumberland.

## II.     CONCLUSION

For the reasons explained above, Mr. Eldridge's Motion to Reduce Sentence (Dkt. 92) is **DENIED**, **but his criminal history points are reduced from 15 to 14**.

**The Clerk is directed** to forward a copy of this Order to the Warden at the Federal Correctional Institution Cumberland.

**SO ORDERED**.

Date: 8/8/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

3

Distribution:

All Electronically Registered Counsel

Donald P. Eldridge
Register Number: 12492-028
FCI Cumberland
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 1000
CUMBERLAND, MD  21501

Warden
FCI Cumberland
FEDERAL CORRECTIONAL INSTITUTION
14601 BURBRIDGE RD SE
CUMBERLAND, MD  21502